Bronx Legal Services  
349 East 149th Street, 10th Floor  
Bronx, New York 10451  
(718)928-2894  
Justin L. Haines Esq.  
*Attorney for Debtor, Fabio Paniagua*

Hearing Date: April 6, 2017  
Hearing Time: 10:00 AM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  
In re

Fabio Paniagua

                Debtor.  
-----------------------------------------------------------X

Chapter 13  
Case No. 16-13497 jlg

### NOTICE OF HEARING ON DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 506(a)(1) AND FED. R. BANKR. PROC. 3012 FIXING VALUE OF REAL PROPERTY AND LIBI DEVELOPMENT CORP'S LIEN IN SUPPORT OF PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE** that on **April 6, 2017** (the "Hearing Date"), in the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable James L. Garrity, United States Bankruptcy Judge, to consider the entry of an Order Pursuant to 11 U.S.C. § 506(a)(1) and Fed. R. Bankr. Proc. 3012 Fixing Value of Real Property and Libi Development Corp.'s Lien in Support of Plan of Reorganization.

**OBJECTIONS**: Objections, if any, to the relief requested by the Debtor must be in writing, conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and must be filed and served no later than **March 30, 2017**(the "Objection Date"). In order to file an objection with the court, you must file the objection electronically at www.nysb.uscourts.gov. in portable document format or otherwise deliver the document to the Clerk of the Court at One Bowling Green New York, NY 10004. A copy of the objection must be delivered to the Chambers of the Honorable James L. Garrity United

1

States Bankruptcy Court, One Bowling Green New York, NY 10004, on or before the Objection Date. A copy of the objection must also be delivered to Bronx Legal Services, 349 East 149th Street, 10th Floor, Bronx, NY 10451, Telephone: 718-928-2894, Facsimile 718-928-2894, Email: jhaines@lsnyc.org in a manner calculated to ensure receipt no later than 4:30 p.m. on the Objection Date. IF YOU DO NOT FILE AND SERVE YOUR OBJECTION BY THE OBJECTION DEADLINE, THE COURT MAY NOT CONSIDER THE OBJECTION. The Hearing Date may be adjourned from time to time without further notice to creditors or other parties in interest other than by an announcement of such adjournment at the court on the date scheduled for the hearing or by letter docketed with the Clerk of the Court.

Dated: New York, New York
      December 14, 2016

Justin L. Haines, Esq.
Bronx Legal Services
349 East 149th Street, 10th Floor
Bronx, New York 10451
(718) 928-2894
*Attorney for Debtor, Fabio Paniagua*

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re
                                                            Chapter 13
Fabio Paniagua,                                             Case No. 16-13497 jlg

                        Debtor.
----------------------------------------------------------X
```

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 506(a)(1) AND FED. R. BANKR. PROC. 3012 FIXING VALUE OF REAL PROPERTY AND LIBI DEVELOPMENT CORP.'S LIEN**

TO THE HONORABLE JAMES L. GARRITY
UNITED STATES BANKRUPTCY JUDGE:

Fabio Paniagua (the "Debtor"), by his attorney, Justin L. Haines of Bronx Legal Services, respectfully represent as follows:

## BACKGROUND

1. The Debtor filed a voluntary chapter 13 petition on December 14, 2016.

2. The Debtor holds title to the property known as 675 East 179th Street Bronx, NY (the "Property"). The Debtor resides in the Property. The Debtor intends to retain his interest in the Property as his primary residence.

3. When the debtor purchased this property, he did so by obtaining a mortgage with Wells Fargo for $552,000. See: New York City Register's Office Recording and Endorsement Cover Sheet for Wells Fargo mortgage, Mortgage and the Note, attached hereto as Exhibits A, B and C, respectively [obtained from ACRIS]. The unpaid principal due on this mortgage as of the filing of the petition was $531,865.87. See: Loan Statement dated 6/16/2016, attached hereto as Exhibit D. Debtor estimates the delinquent interest alone on this mortgage to be an additional $189,643.86 which will be included in the first lien holder's claim along with $65,344.71 in unpaid escrow and allowable fees and costs, for a total amount of $786,854.44 owed on the first lien.

3

4. The Debtor subsequently obtained a Promissory Note from Libi Development Corp. ("Libi") that was secured by a lien on the Property. This mortgage was filed after, and is therefore junior to, the Wells Fargo mortgage on the home. See: New York City Register's Office Recording and Endorsement Cover Sheet for the Libi mortgage, Mortgage, and the Note, Attached hereto as Exhibits E, F and G, respectively [obtain from ACRIS]. Libi holds a secured claim in the approximate amount of $119,036.57. See: Letter from Libi's former counsel, Mr. Eial Girtz, advising Debtor's counsel that the unpaid principal balance on the Libi mortgage was $67,195.10 as of the default date of March 1, 2009 with annual interest of 10 %, attached hereto as Exhibit H.[1]

5. Debtor estimates the value of his home at $510,000, based on an appraisal dated 7/28/2016 of the property conducted by Accu-Home Appraisals, Inc. A copy of that appraisal has been attached hereto as Exhibit I.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this motion. The U.S. District Court referred to this Court's jurisdiction pursuant to 28 U.S.C. sections 1334 and 157. Moreover, this is a core proceeding arising under 28 U.S.C. 157. Venue of this motion is proper pursuant to 28 U.S.C. 1409. The statutory predicates for the relief requested include 11 U.S.C. §§ 105 and 506.

## RELIEF REQUESTED

7. The Debtor requests that the Court enter an order fixing the value of the Property as $510,000 to permit the Debtor to properly classify and treat claims under the plan of reorganization proposed by the Debtor. The Court may determine the value of the Property pursuant to 11 U.S.C. §506(a) and Fed. R. Bankr. Proc. 3012. Section 506(a) provides in relevant part that if a creditor has an allowed claim that is secured by a lien on estate property, that creditor has a secured claim to the extent of the value of the property; the remainder of its

---

[1] Therefore accrued interest based on an unpaid principal balance of $67,195.10 at 10% annual interest is $18.409616 per diem for 2,816 days since the default, or $51,841.48 in accrued interest, for a total claim of $119,036.57.

4

claim is deemed an unsecured claim. Fed. R. Bankr. Proc. 3012 permits the Court to determine the value of a claim secured by a lien on property by motion of any party in interest.

8. Based upon the appraised property value and the Debtor's own knowledge of property values in his neighborhood, the Debtor believes that claim of senior lien holder Wells Fargo exceeds the value of the Property. As a result, Libi's claim is wholly unsecured.

9. Valuation of the Property and lien is a key component of the Debtor's reorganization because "Whatever the Court determines the value of the lien to be, the excess would be the unsecured deficiency." In re Sneidjer, 407 B.R. 46, 55 (Bankr. S.D.N.Y. 2009). The Debtors must treat all similarly situated creditors in the same manner pursuant to 11 U.S.C. §1322(a)(3). Based upon the value of the Property, the Debtor believes that Libi's claim is wholly unsecured and must be treated as such under any plan of reorganization proposed by the Debtor. The Debtor requires an order of the Court valuing Libi's lien as zero, and their claims as fully unsecured, before he can propose such treatment.

10. The Debtor respectfully submits that the Court may rely on the property appraisal as reliable and credible evidence of the fair market value of the Property. Debtor further submits that the use of fair market value is a fair and appropriate valuation method. E.g, In re Richardson, 97B.R. 161, 162 (Bankr. W.D.N.Y. 1989) ("Section 506(a) plainly directs the court when valuing claims to do so in recognition of and relation to the valuation's purpose.").

## NOTICE

11. Notice of this request was provided to Libi and the Chapter 13 Trustee's Office. It is submitted that no other creditor or party need receive notice of the instant request as it does not affect their interests.

12. A previous application for relief requested herein was made in a prior Chapter 13 filed by debtor (14-10549), however, the motion was never heard because Mr. Paniagua asked the court

5

to dismiss the Chapter 13 soon after it was filed. Case 14-10549 was dismissed on June 9, 2014 three months after it was filed and the motion for this relief was withdrawn.

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein, and for any further relief deemed just.

Dated: Bronx, New York
       December 14, 2016

*[signature]*

Justin L. Haines, Esq.
Bronx Legal Services
349 East 149th Street, 10th Floor
Bronx, New York 10451
(718) 928-2894
*Attorney for Debtor, Fabio Paniagua*

Bronx Legal Services  
349 East 149th Street, 10th Floor  
(718) 928-2894  
Bronx, New York 10451  
Justin L. Haines, Esq.  
*Attorney for Debtor, Fabio Paniagua*

Hearing Date: April 6, 2017  
Hearing Time: 10:00 AM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  
In re

FABIO PANIAGUA,

Debtor.  
-----------------------------------------------------------X

Chapter 13  
Case No. 16-13497 jlg

### [PROPOSED] ORDER ON DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a)(1) AND FED. R. BANKR. PROC. 3012 FIXING VALUE OF REAL PROPERTY AND LIBI DEVELOPMENT CORP.'S LIEN IN SUPPORT OF PLAN OR REORGANIZATION

The matter having been heard, and good cause appearing therefore, IT IS HEREBY ORDERED THAT the value of the Debtor's residence property at 675 East 179th Street Bronx, New York 10457, is fixed, pursuant to 11 U.S.C. §506(a) and Fed. R. Bankr. Proc. 3012. Section 506(a), at $510,000.

IT IS FURTHER ORDERED THAT, as the senior lien of Wells Fargo Bank is $786,854.44, the claim of Libi Development Corp. is to be classified and paid out as unsecured under the plan of reorganization proposed by the Debtor. If the Debtor completes his Chapter 13 plan, any remaining balance owed to Libi shall be discharged.

Dated:

_____  
UNITED STATES BANKRUPTCY JUDGE